UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JACQUELINE GAUTHE                                          CIVIL ACTION

VERSUS                                                     NO:  04-2151-SS

HOSPITAL SERVICE DISTRICT NO. 1, et al.

ORDER AND REASONS

The plaintiff, Jacqueline Gauthe ("Gauthe"), filed a complaint for damages and injunctive relief against the defendant, Hospital Service District No. 1 of the Parish of Terrebonne d/b/a Terrebonne General Medical Center ("Terrebonne General").  The parties consented to trial before a Magistrate Judge.  Rec. doc. 6.

PROCEDURAL BACKGROUND

Gauthe was represented by Christopher Oetjens when the complaint was filed on July 30, 2004.  Rec. doc. 1.  Terrebonne General answered the complaint.  Rec. doc. 3.  The case was set for trial on June 20, 2005.  Rec. doc. 5.  On March 9, 2005, Mr. Oetjens withdrew as counsel, rec. doc. 10, reporting that he and Gauthe had "irreconcilable differences over issues arising out of this litigation as well as over the management and direction of the litigation."  Rec. doc. 9.  Patrick Lee appeared for Gauthe and the trial was reset for November 7, 2005.  Rec. doc. 13.  On June 3, 2005, Mr. Lee withdrew as counsel.  Rec. doc. 20.  He also cited irreconcilable differences with Gauthe.

Rec. doc. 19. Terrebonne General requested modification of the scheduling order because it had not been able to depose Gauthe or receive responses to its written discovery. Rec. doc. 20. On July 20, 2005, a telephone status conference was held at which Gauthe appeared in proper person. Terrebonne General's motion to compel was granted, and the trial was continued to January 23, 2006. Rec. doc. 24. There was a further telephone conference before Hurricane Katrina and Gauthe's deposition was scheduled for September 13, 2005. Rec. doc. 27.

On December 1, 2005, there was a telephone conference and Gauthe participated in proper person. She reported that she was about to secure the services of Craig Stewart to represent her. Her deposition was rescheduled and the trial was continued to April 17, 2006. Rec. doc. 34. Mr. Stewart enrolled as her counsel in January 6, 2006. Rec. doc. 40. The parties sought to reschedule the trial in order to complete discovery and the trial was reset for July 10, 2006 with a jury. The deadline for dispositive motions was April 18, 2006, rec. doc. 43, and Terrebonne General filed its motion for summary judgment that day. Rec. doc. 45. Gauthe's deadline for her opposition was May 2, 2006. Id.[1] Gauthe did not file a timely opposition. Instead, Mr. Stewart telephoned on May 9, 2006 and asked for leave to file an opposition. This was granted.

## PLAINTIFF'S CLAIMS

Gauthe, a Caucasian female, alleged that she was a victim of reverse discrimination because she was terminated by Terrebonne General and replaced with a lesser qualified African-American employee. Rec. doc. 1. She brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and under the Louisiana Employment Discrimination Act, La. Rev. Stat. Ann. §

---

[1] The motion was to be submitted on briefs on May 10, 2006. Rec. doc. 43.

23:301.  Paras. 2, 7 and 9 of Rec. doc. 1.  She alleged intentional discrimination under Title VII and sought punitive damages under 42 U.S.C. § 1981.  Para. 16 of Rec. doc. 1.[2]

## ARGUMENTS OF THE PARTIES

Terrebonne General assumes for purposes of this motion that Gauthe can establish a <u>prima facie</u> case of reverse discrimination because she was replaced by an African-American employee, Caroline Williams.  It disputes Gauthe's contention that Williams was not as qualified as Gauthe.  Terrebonne General contends that it terminated Gauthe for a legitimate nondiscriminatory reason, that is that it terminated Gauthe for racially discriminatory conduct as a supervisor in violation of its policies.  Gauthe contends that there are genuine issues of material fact.

## UNDISPUTED FACTS

Terrebonne General submitted a six page statement of material facts with forty-three numbered paragraphs.  Each paragraph includes a citation to the evidence submitted in support of the motion for summary judgment.  Gauthe did not submit anything to contradict Terrebonne General's statement of material facts.  The Local Rules of the Eastern District of Louisiana provide that:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

L.R. 56.2.  Gauthe has not complied with this rule and therefore Terrebonne General's statement of

---

[2] In her opposition to the motion for summary judgment, Gauthe states that she alleged a claim for relief under 42 U.S.C. § 1983.  This is not correct.  Her complaint contains no reference to 42 U.S.C. § 1983.  Rec. doc. 1.

material facts shall be deemed admitted and undisputed for purposes of this motion.

At all relevant times Terrebonne General had a policy prohibiting discrimination against any employee because of race. Para. 2.[3] Gauthe was aware of this policy. Para. 6. She was employed as Hospitality Coordinator and supervised the hospitality assistants in the service of meals to patients. Paras. 4 and 13. She made recommendations to Russell Barrios, the Directory of the Dietary Department, on the hiring and firing of the hospitality assistants, which were accepted by him. Paras. 15-18. The applicant pool for hospitality assistants had a ratio of about five African-Americans for every two Caucasians. Para. 19. The staff of hospital assistants was about ninety percent African-American. Para. 20. When Gauthe was involved in the hiring process, and due to her recommendations, the percentage of Caucasian hospitality assistants increased. Para. 21.

In October 2003, Gauthe recommended that two African-American hospitality assistants, Winnie Sasfras and Sheila Harris, be terminated for violating the hospital's attendance policy. Para. 22. Based upon Terrebonne General's policy limiting the number of "no call/no shows," Gauthe recommended that Sasfras and Harris be terminated. Paras. 25 and 26. Shortly after their terminations, John Ford, Terrebonne General's Director of Human Resources, learned that the two employees had not been coming to work because they felt Gauthe was racist. Paras. 25 and 27.

Ford and Bill Nickolyn, the Assistant Director of the Dietary Department, met with Sasfras and Harris. They reported that Gauthe told them that she was going to get rid of all of the African-American employees in the kitchen. Paras. 29 and 30. Ford and Barrios interviewed Gauthe, who denied making any racial statements to Harris and Sasfras. Para. 32. Gauthe told Barrios that "he

---

[3] These are references to the paragraph numbers in Terrebonne General's statement of material facts.

loved black people or he was sacred of black people." Para. 33. She reported that the African-American employees did not like her, she could not work with them and they believed she was prejudiced. Para. 34. An African-American supervisor reported that she heard Gauthe say she was going to fire all of the African-American employees. Para. 36-38. Other employees in the department reported that they believed that Gauthe was out to get them. Paras. 39 and 40. Based upon the written statements and interviews, Ford determined that, at a minimum, Gauthe was at odds with the African-American employees under her supervision. He concluded there were strong indications that Gauthe harbored a racial animus towards her African-American subordinates. Paras. 41 and 42. His recommendation that Gauthe be fired was accepted. Para. 42.

## SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56 provides in pertinent part that summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Lujan v. National Wildlife Federation, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Wyatt v. Hunt Plywood, 297 F.3d 405, 409 (5th Cir. 2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Washington v. Allstate Ins. Co., 901 F.2d 1281 (5th Cir. 1990).

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case. Celotex, 106 S.Ct. at 2553; see Lujan, 110 S. Ct. at 3187. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2553-54. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001).

This burden is not satisfied with "some metaphysical doubt as to the material facts," Matsushita, 106 S.Ct. at 1356, by "conclusory allegations," Lujan, 110 S. Ct. at 3180, by "unsubstantiated assertions," Hopper v. Frank, 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, Davis v. Chevron U.S.A., Inc., 14 F.3d 1082 (5th Cir.1994). The court resolves factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. See Lujan, 110 S. Ct. at 3188. Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted. See Evans v. City of Bishop, 238 F.3d 586, 588-89 (5th Cir. 2000).

In Fierros v. Texas Dept. of Health, 274 F.3d 187 (5th Cir. 2001), the Fifth Circuit cautioned

that summary judgment is not favored in claims of employment discrimination and that the Supreme Court in Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000), emphasized the paramount role that juries play in Title VII cases, stressing that in evaluating summary judgment evidence, courts must refrain from the making of credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, which are jury functions, not those of a judge. Fierros, 274 F.2d at 190-91.

## ANALYSIS

Gauthe does not allege the existence of direct evidence of discrimination, and she must therefore establish a prima facie case of discrimination. To do so, she must demonstrate that: (1) she is a member of the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class. Wheeler v. BL Dev. Corp., 415 F.3d 399, 405 (5th Cir. 2005). Terrebonne General concedes for purpose of this motion that Gauthe has established a prima facie case of discrimination. Under the framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), the burden shifts to Terrebonne General to articulate a legitimate non-discriminatory reason for terminating Gauthe. It contends that it terminated her for violating its policy against discrimination while employed in a supervisory capacity.

Gauthe responds that Terrebonne General's statement of undisputed facts raises unanswered questions that must be addressed by a jury. She cites the sequence of events: (1) in October 2003, Gauthe recommended that Sasfras and Harris be terminated for violating Terrebonne General's attendance policy; (2) based on this recommendation, Barrios terminated the two employees; (3)

7

Ford interviewed the two employees on Saturday, October 11, 2003; (4) Ford rehired the two employees and fired Gauthe. Her description ignores the fact that Ford's weekend interview of the two employees was prompted by information that they had stopped coming to work because they felt Gauthe was a racist. Para. 4 of Statement of Material Facts. Gauthe was interviewed by Ford on Monday, October 13, 2003.[4] Ford thereafter conducted an investigation which led him to make the recommendation that Gauthe be terminated. The sequence of events does not raise an inference that Terrebonne General's reason for terminating Gauthe was a pretext for reverse discrimination.

Gauthe reports that she had an outstanding record. She does not provide any evidence to support this assertion. For purposes of this motion, however, it will be assumed that she received outstanding evaluations prior to her termination. She contends that Terrebonne General improperly relied upon hearsay to determine that she was a racist. She ignores the following: (1) she was a supervisor of hospitality assistants; (2) nearly ninety percent of these employees were African-Americans; and (3) she reported to Ford and Barrios that the African-American employees did not like her, she could not work with them and they believed she was prejudiced. Even if this was the only evidence that Ford had before him, it was sufficient to make the recommendation that Gauthe be terminated. Notwithstanding Terrebonne General's positive evaluation of Gauthe's performance prior to the firing of Sasfras and Harris, her interview with Ford demonstrated it was impossible for her to continue in her job.

Gauthe contends that there was disparate treatment. She notes that Sasfras and Harris, who

---

[4] Terrebonne General's statement of material facts refers to the date as Monday, October 14, 2003. If the interview with Gauthe occurred on Monday, then the date is October 13, 2004. Whether the interviewed occurred on Monday or Tuesday is not material.

violated Terrebonne General's leave policy, were rehired and compares this to her own treatment. She has not demonstrated that Sasfras and Harris were similarly situated employees. She has not presented any evidence that an African-American employee was treated differently under circumstances nearly identical to hers. Okoye V. University of Texas Houston Health Science Center, 245 F.3d 507, 514 (5th Cir. 2001) .

## CONCLUSION

In Singh v. Shoney's Inc., 64 F.3d 217 (5th Cir. 1995), a white employee was terminated from the position of dining room supervisor. The employer terminated the plaintiff following an investigation that was caused by complaints that plaintiff engaged in racially discriminatory conduct toward subordinate employees. Based upon the investigation, the employer concluded that plaintiff had engaged in offensive and inappropriate conduct in the workplace. The plaintiff contended that the complaints were false and the investigation was the product of a racially motivated scheme by an African-American waitress to get her fired. The Fifth Circuit stated:

> The focus of our inquiry is not whether the initial petition contained falsehoods or was racially motivated, but whether Shoney's reasonably believed the allegation and acted on it in good faith.

Id. at 219.

Where the record, taken as whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Electric, 106 S. Ct. at 1356. Based upon the record as whole, a rational fact finder could only find that Terrebonne General believed the statements about Gauthe and acted on them in good faith in making the decision to terminate her. A rational fact finder could not find that Terrebonne General discriminated against Gauthe on the

9

basis of race. There is no genuine issue for trial and Terrebonne General is entitled to summary judgment.

IT IS ORDERED that Terrebonne General's motion for summary judgment (Rec. doc. 45) is GRANTED.

New Orleans, Louisiana, this 12th day of May, 2006.

                                                        **SALLY SHUSHAN**
                                         **United States Magistrate Judge**